I conclude that the trial court properly entered the summary judgment for Meztista, because no genuine issue of material fact exists as to whether an accord and satisfaction had occurred. Hylton's placing a restrictive endorsement on the check does not create an issue of fact as to whether an accord and satisfaction had occurred. This court has held that a party in Hylton's position has two options: (1) reject the offer of the check as full satisfaction of the disputed claim; or (2) accept the offer of the check as a full satisfaction by cashing or depositing the check. Public Nat'l Life Ins. Co. v. Highsmith, 47 Ala. App. 488,256 So.2d 912 (Ala.Civ.App. 1971). The supreme court has held that a party in Hylton's position does not have the option of accepting the offer of the check and placing a restrictive endorsement on it. Boohaker v.Trott, 274 Ala. 12, 16, 145 So.2d 179, 183 (1962) ("The fact that the plaintiff attempted to `amend' the legend on the check [from full payment to partial payment] cannot avail him."). Such an altering of the terms of the offer does not affect the validity of the accord and satisfaction. Id. According to the law as stated by Highsmith andBoohaker, Hylton's endorsement on the check, indicating that she was not accepting the check as full payment for her partnership interest, is not relevant in light of the fact that she deposited the check. Her action of depositing the check completed the accord and satisfaction.
Thompson, J., concurs.